IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERT BOONE,<br>　　*Plaintiff,*<br><br>v.<br><br>NATIONWIDE PROPERTY AND<br>CASUALTY INSURANCE COMPANY AND<br>MICHAEL LAWLER<br>　　*Defendants.* | §<br>§<br>§<br>§<br>§　CIVIL ACTION NO. 4:17-cv-3254<br>§<br>§<br>§<br>§ |

## NOTICE OF REMOVAL

Defendants Nationwide Property and Casualty Insurance Company and Michael Lawler ("Defendants"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Robert Boone v. Nationwide Property and Casualty Insurance Company and Michael Lawler*; Cause No. 2017-57196, in the 189th Judicial District of Harris County, Texas.

## I.
## BACKGROUND

1.　Plaintiff Robert Boone (hereinafter "Plaintiff") initiated the present action by filing his Original Petition in Cause No. 2017-57196, in the 189th Judicial District of Harris County, Texas on August 28, 2017 (the "State Court Action"). *See* Plaintiff's Original Petition, attached as **Exhibit A**.

2.　Defendants appeared and answered on October 20, 2017, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition. *See* Defendants' Original Answer, attached as **Exhibit B**.

3. Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Defendants in the State Court Action are incorporated in **Exhibit A**. Pursuant to Local Rule 81, a fully copy of the state court file has been requested and will be filed upon receipt.

4. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendants will give written notice of the removal to Plaintiff through his attorney of record, and to the clerk of the 189th Judicial District of Harris County, Texas.

5. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendants of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.     Diversity of Parties**

7. Plaintiff is domiciled in Harris County, Texas. *See* **Exhibit A**, ¶ 2. Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

8. Nationwide Property and Casualty Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Columbus, Ohio. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of the State of Ohio.

9. Defendant Michael Lawler is domiciled in Trussville, Jefferson County, Alabama, and is therefore a citizen of the state of Alabama. Plaintiff has misstated jurisdictional facts in

pleading that Lawler is a Texas resident, and insofar as Plaintiff seeks to proceed on the facts as plead Plaintiff has improperly joined Lawler to this action.

10.     Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.     Amount in Controversy**

11.     Plaintiff's Original Petition states that Plaintiff seeks "monetary relief over $100,000.00 but not more than $200,000.00, excluding interest and cost." *See* Plaintiff's Original Petition, **Exhibit A**, ¶ 5.  The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiff's Original Petition.

12.     Plaintiff further seeks compensation for (1) actual damages, (2) treble damages, (3) 18% penalty interest attorney's fees, (4) mental anguish damages, (5) pre and post-judgment interest, and (6) attorney's fees.  *See* **Exhibit A, ¶¶** 48-53.  Plaintiff has alleged that Defendants' conduct was wrongful and done knowingly, entitling him to a trebling of actual damages under Texas Insurance Code Chapter 541.  *See* **Exhibit A,** ¶ 47; Tex. Ins. Code sections 541.002 & 541.152. Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[1]

13.     The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibit A**.  Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

---

[1] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

## III.
## CONCLUSION

14. Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

15. WHEREFORE, Defendants Nationwide Property and Casualty Insurance Company and Michael Lawler hereby provide notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
Southern District Bar No. 38513
pkemp@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEY-IN-CHARGE FOR NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY AND MICHAEL LAWLER**

OF COUNSEL:

Robert G. Wall
Texas Bar No. 24072411
Southern District Bar No. 1117137
rwall@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing instrument has been served via certified mail return receipt requested this the 26th day of October, 2017.

William T. Jones, Jr.                                                   ***9414 7266 9904 2061 9339 71***
Robert D. Green
Daniel P. Barton
Roy J. Elizondo, III
Green & Barton
1201 Shepard Drive
Houston, Texas 77007
bjones@GBTriallaw.com
green@greentriallaw.com
dbarton@bartonlawgroup.com
relizondo@GBTriallaw.com

                                                   */s/ Patrick M. Kemp*
                                                   Patrick M. Kemp