# Exhibit A



**null / ALL**
**Transmittal Number: 17196506**
**Date Processed: 09/28/2017**

# Notice of Service of Process

| | |
|---|---|
| Primary Contact: | Service Process Team 3-11-309<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| Electronic copy provided to: | Joshua Schonauer<br>Kevin Jones<br>Cassandra Struble |

| | |
|---|---|
| Entity: | Nationwide Property And Casualty Insurance Company<br>Entity ID Number  3286574 |
| Entity Served: | Nationwide Property and Casualty Insurance Company |
| Title of Action: | Robert Boone vs. Nationwide Property and Casualty Insurance Company;Michael Lawler |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Contract |
| Court/Agency: | Harris County District Court, Texas |
| Case/Reference No: | 2017-57196 |
| Jurisdiction Served: | Texas |
| Date Served on CSC: | 09/28/2017 |
| Answer or Appearance Due: | 10:00 am Monday next following the expiration of 20 days after service |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Green & Barton<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

CAUSE NO.  201757196

RECEIPT NO.               0.00     CIV
           \*\*\*\*\*\*\*\*\*                   TR # 73412614

| | |
|---|---|
| PLAINTIFF: BOONE, ROBERT | In The   189th |
|     . vs. | Judicial District Court |
| DEFENDANT: NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY | of Harris County, Texas |
| | 189TH DISTRICT COURT |
| | Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

TO: NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY
    BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY
    211 E  7TH ST SUITE 620    AUSTIN TX  78701 - 3218
    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>28th day of August, 2017</u>, in the above cited cause number and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 12th day of September, 2017, under my hand and seal of said Court.

Issued at request of:
JONES, WILLIAM TRUMAN JR.
1201  SHEPHERD
HOUSTON, TX  77007
Tel: (713) 898-0546
Bar No.:  24032601

*Chris Daniel*

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: MURAINA, BOLANLE KARIMAT
7EN//10763809

---

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ___.M., on the ____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

_____

_____ of _____County, Texas

_____   By _____
        Affiant                                   Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

_____
                        Notary Public

N.INT.CITR.P                        **\*73412614\***

CAUSE NO. 201757196

RECEIPT NO.             0.00    CIV
             **********            TR # 73412617
PLAINTIFF: BOONE, ROBERT                                      In The  189th
        vs.                                                  Judicial District Court
DEFENDANT: NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY  of Harris County, Texas
                                                             189TH DISTRICT COURT
                                                             Houston, TX
                              CITATION (OHIO)

THE STATE OF TEXAS
County of Harris


TO: LAWLER, MICHAEL
    3400  SOUTHPARK PLACE SUITE A DSPF-62   GROVE CITY  OH  43123 - 4856

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION


This instrument was filed on the 28th day of August, 2017, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 12th day of September, 2017, under my hand and
seal of said Court.

Issued at request of:                       CHRIS DANIEL, District Clerk
JONES, WILLIAM TRUMAN JR.                   Harris County, Texas
1201  SHEPHERD                              201 Caroline, Houston, Texas 77002
HOUSTON, TX  77007                          (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 898-0546
Bar No.: 24032601                           Generated By: MURAINA, BOLANLE KARIMAT 7EN//10763809

                              CERTIFICATION

TO THE SHERIFF OF _____, Franklin _____ COUNTY, OHIO

    The 189th   Judicial Court of Harris County,Texas has authority to issue the legal
documents for service upon residents and corporations in the State of Ohio.

    The issued legal documents for residents and corporations in the State of Ohio do
confirm with the laws of the State of Texas.

    IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of my office, at
Houston, Texas, on this 12th  day of September _____, A.D. 2017 .



                                            CHRIS DANIEL, District Clerk
                                            Harris County, Texas

                                        BY _____
                                            DEPUTY DISTRICT CLERK
                                            HARRIS COUNTY, TEXAS Bolanle Muraina

H.INT.C110.P
                              *73412617*

RETURN

Came to hand on the _____ day of _____, _____, at _____ o'clock _____.M., and executed in _____ County, Texas, by delivering to each of the within named defendants, in person a true copy of this citation at the following time and places, to wit:

NAME:

DATE SERVED - (MONTH, DAY, YEAR):

PLACE OF SERVICE:

And not executed as to the Defendant, the deligence used in finding said Defendant being _____
_____.

FEE:  $_____

_____

_____ of _____ County, Texas

by _____
         Deputy

_____
Authorized Person

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public on _____ day of _____, _____.

_____
Notary Public

8/28/2017 4:30 PM
Chris Daniel - District Clerk Harris County
Envelope No. 19119582
By: Justina Lemon
Filed: 8/28/2017 4:30 PM

# 2017-57196 / Court: 189

### CAUSE NO. _____

| | | |
|---|---|---|
| **ROBERT BOONE** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **NATIONWIDE PROPERTY AND** | § | |
| **CASUALTY INSURANCE COMPANY** | § | |
| **AND MICHAEL LAWLER** | § | |
| *Defendants.* | § | **___ JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION

Robert Boone ("Plaintiff"), complains of Nationwide Property and Casualty Insurance Company and Michael Lawler (collectively "Defendants") and respectfully shows as follows:

## I.
## DISCOVERY CONTROL PLAN

1.      Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.   This case involves complex issues and will require extensive discovery.  Therefore, Plaintiff asks the court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

## II.
## PARTIES AND PROCESS SERVICE

2.      Plaintiff(s) resides in Harris County, Texas.

3.      Defendant Nationwide Property and Casualty Insurance Company ("Nationwide") is an insurance company engaging in the business of insurance in Texas.  This defendant may be served with process through its registered agent Corporation Service Company, 211 E 7th St. Suite 620, Austin TX 78701-3218.

4.      Defendant Michael Lawler ("Lawler") is an individual and an insurance adjuster licensed by the Texas Department of Insurance.  This Defendant is a Texas resident and may be served

with process at the following address: 3400 Southpark Place, Suite A, DSPF-62 Grove City, OH 43123-4856. The Clerk is requested to issue Citations.

### III.
### JURISDICTION

5.     Plaintiff seeks monetary relief over $100,000.00 but not more than $200,000.00, excluding interest and costs. Such damages sought are within the jurisdictional limits of the court. Plaintiff contends that the determination of damages is within the sole discretion of the Judge and Jury, but makes stipulation as required by TEX.R.CIV.P. 47.

6.     The court has jurisdiction over Defendant Nationwide because this Defendant engages in the business of insurance in Texas, and because Plaintiff's causes of action arise out of this Defendant's business activities in Texas.

7.     The court has jurisdiction over Defendant Lawler because this Defendant is a Texas resident, because this Defendant engages in the business of adjusting insurance claims in Texas, and because Plaintiff's causes of action arise out of this Defendant's business activities in Texas.

### IV.
### VENUE

8.     Venue is proper in Harris County, Texas, because the insured property giving rise to this cause of action is situated in Harris County, Texas. TEX.CIV.PRAC.REM.CODE §15.032.

### V.
### NOTICE AND CONDITIONS PRECEDENT

9.     Defendants have been provided notice, in writing, of the claims made by Plaintiff in this petition, including Plaintiff's actual damages in the manner and form required.

10.     All conditions precedent necessary to maintain this action and the Claim under the Policy have been performed, occurred, or have been waived by Defendants; and/or Defendants are

otherwise estopped from raising any conditions precedent due to Defendant's prior breach of the insurance contract.

## VI.
## FACTS

11.    Plaintiff is the owner of certain real property with improvement (including Plaintiff's home) located at 8019 Northbridge Drive, Spring, TX 77379-4521 (the "Property").    The Property was insured by insurance policy number 7842HO585599, issued by Defendant Nationwide (the "Policy").    Plaintiff is the owner of the Policy and the named insured on the Policy.

12.    On or about 1/8/2016, or another time when the Policy was in effect, a severe storm caused substantial damage to the Property and constituted a covered loss under the Policy.    After the loss, Plaintiff made a claim (claim no. 248361-GE) and demand for payment on Defendant Nationwide for damages to the Property and other damages covered by the terms of the Policy (the "Claim").    After Plaintiff made the Claim, Defendant Nationwide assigned or otherwise retained its employees and/or agents Defendant Lawler to work on Plaintiff's Claim.    All Defendants failed to comply with the Policy, the Texas Insurance Code and Texas law in handling Plaintiff's claim.    Further, Defendant Nationwide has refused to pay all amounts due and owing under the Policy for the Claim.

13.    Defendant Lawler made numerous errors in estimating the value of Plaintiff's claim, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Defendants Lawler failed to fully quantify Plaintiff's damages, thus demonstrating that this defendant did not conduct a thorough investigation of Plaintiff's claim. Defendant conducted a substandard investigation of Plaintiff's Claim, evidenced by the estimate issued by Defendant Lawler and relied upon by Defendant Lawler.    The damage estimate failed to include all

damages to Plaintiff's Property.  The damages Defendant Lawler included in the estimate were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained.   Defendants failed to thoroughly review and properly supervise the adjustment of the Claim, including the inspection of the Property, which ultimately led to approving an improper adjustment and an inadequately unfair settlement of Plaintiff's claim. Further, Defendant Lawler knowingly and intentionally overlooked damages at the Property and used an inadequate and biased investigation as the basis for erroneously denying a portion of Plaintiff's claim.  Because of Defendant Lawler's conduct, Plaintiff's claim was underpaid and partially-denied.

14.      Defendant Nationwide failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.  Specifically, Defendant Nationwide refused to pay the full proceeds owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy in question had been satisfied by Plaintiff.  Defendant Nationwide's conduct constitutes a breach of the contract between Defendant Nationwide and Plaintiff.

15.      All Defendants misrepresented to Plaintiff that much of the damage to the Property was not covered under the Policy, even though the damage was covered by the Policy.  Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(1).

16.      All Defendants failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's Claim, when Nationwide's liability was reasonably clear.  Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(2)(a).

17.      All Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement.  Specifically, Defendants failed to offer Plaintiff adequate compensation, without any

explanation why full payment was not being made. Furthermore, All Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did Defendants provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(3).

18.     All Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendants. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(4).

19.     All Defendants refused to fully compensate Plaintiff for the Claim without conducting a reasonable investigation of the Claim. Rather, Defendants performed an unreasonable outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's Claim. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(7).

20.     Defendant Nationwide failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant Nationwide's conduct constitutes a violation of TEX.INS.CODE §542.055.

21.     Defendant Nationwide failed to accept or deny Plaintiff's full and entire Claim within the statutorily mandated time of receiving all necessary information. Defendant Nationwide's conduct constitutes a violation of TEX.INS.CODE §542.056.

---

22.     Defendant Nationwide failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay.  Specifically, Defendant Nationwide has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for Plaintiff's claim.   Defendant Nationwide's conduct constitutes a violation of TEX.INS.CODE §541.058.

23.     From and after the time Plaintiff's claim was presented to Defendant Nationwide, the liability of Defendant Nationwide to pay the full claims in accordance with the terms of the Policy was reasonably clear.  However, Defendant Nationwide has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment.  Defendant Nationwide's conduct constitutes a breach of the common law duty of good faith and fair dealing.

24.     All Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

25.     Because of all Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the law firm who is representing Plaintiff with respect to these causes of action.

**VII.**
**CAUSES OF ACTION AGAINST DEFENDANT NATIONWIDE**

26.     Defendant Nationwide is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

**A.     Breach of Contract.**

27.     The Policy is a valid, binding and enforceable contract between Plaintiff and Defendant Nationwide.  Defendant Nationwide breached the contract by refusing to perform its obligations

under the terms of the Policy and pursuant to Texas law. Defendant Nationwide's breach proximately caused Plaintiff injuries and damages. All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiff, or Defendant is estopped from raising the issue due to Defendant's prior breach of the insurance contract.

**B.    Noncompliance With Texas Insurance Code: Unfair Settlement Practices.**

28.    The conduct, acts, and/or omissions by Defendant Nationwide constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a). All violations under this article are made actionable by TEX.INS.CODE §541.151.

29.    Defendant Nationwide's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

30.    Defendant Nationwide's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant Nationwide's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

31.    Defendant Nationwide's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

---

32.     Defendant Nationwide's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

33.     Defendant Nationwide's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

34.     Defendant Nationwide's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered.  Defendant Nationwide refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater.  This continued failure compelled Plaintiff to file suit.  TEX.INS.CODE §542.003(5).

      C.      **Prompt Payment Of Claims Violations.**

35.     The Claim is a claim under an insurance policy with Defendant Nationwide of which Plaintiff gave Defendant Nationwide proper notice. Defendant Nationwide is liable for the Claim.  Defendant Nationwide violated the prompt payment of claims provisions of TEX. INS. CODE § 542.051, *et seq.* by:

    a) Failing to acknowledge receipt of the Claim, commence investigation of the Claim, and/or request from Plaintiff all items, statements, and forms that Defendant Nationwide reasonably believed would be required within the time constraints provided by TEX. INS. CODE §542.055;

    b) Failing to notify Plaintiff in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by TEX. INS. CODE §542.056; and/or by

    c) Delaying payment of the Claim following Defendant Nationwide's receipt of all items, statements, and forms reasonably requested and required, longer than the

amount of time provided by TEX. INS. CODE §542.058.

36.     Defendant Nationwide's violations of these prompt payment of claims provisions of the Texas Insurance Code are made actionable by TEX.INS.CODE §542.060.

### D.     Breach Of The Duty Of Good Faith And Fair Dealing.

37.     Defendant Nationwide breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant Nationwide knew or should have known that its liability to Plaintiff was reasonably clear.   Defendant Nationwide's conduct proximately caused Plaintiff injuries and damages.

### VIII.
### CAUSES OF ACTION AGAINST
### DEFENDANT LAWLER

38.     Defendant Lawler is an insurance adjuster that was assigned or otherwise engaged by Lawler to adjust the claim.

### A.     Noncompliance With Texas Insurance Code: Unfair Settlement Practices.

39.     The conduct, acts, and/or omissions by Defendant Lawler, while adjusting the Claim constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a).  All violations under this article are made actionable by TEX.INS.CODE §541.151.

40.     Defendant Lawler is individually liable for unfair and deceptive acts, irrespective of the fact this Defendant was acting on behalf of Defendant Lawler, because Defendant Lawler is a "person" as defined by TEX.INS.CODE §541.002(2).   The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor."  TEX.INS.CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors,*

---

*Inc.,* 966 S.W.2d 482, 484 (Tex.1998)(holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

41.     The unfair settlement practices of Defendant Lawler, as described above, in misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

42.     The unfair settlement practices of Defendant Lawler, as described above, in failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX.INS.CODE §541.060(2)(A).

43.     The unfair settlement practices of Defendant Lawler, as described above, in failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX.INS.CODE §541.060(3).

44.     The unfair settlement practices of Defendant Lawler as described above, in failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX.INS.CODE §541.060(4).

45.     The unfair settlement practices of Defendant Lawler, as described above, in refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method

---

of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

46.    The unfair settlement practices of Defendant Lawler, as described above, compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered.  Defendant Lawler refused to even offer more than their own grossly undervalued estimates despite actual damages which were much greater.  This continued failure compelled Plaintiff to file suit.  TEX.INS.CODE §542.003(5).

## IX.
## KNOWLEDGE

47.    Each of the Defendants' acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## X.
## DAMAGES

48.    Plaintiff will show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

49.    For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney fees.

50.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs and attorney's fees.  For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages.  TEX.INS.CODE §541.152.

---

51.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum of the amount of Plaintiff's claim as damages, together with attorney's fees.   TEX.INS.CODE §542.060.

52.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

53.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firms whose names are subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## XI.
## JURY DEMAND

54.     Plaintiff hereby requests a jury trial and tenders the appropriate jury fee.

## XII.
## REQUEST FOR DISCLOSURE

55.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose the information or material described in Rule 194.2.

## XIII.
## PRAYER

56.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, Plaintiff has and recovers such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, statutory penalties

and interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**GREEN & BARTON**

By:   */s/   William. T. Jones, Jr.*
WILLIAM T. JONES JR.
State Bar No.: 24032601
bjones@GBTriallaw.com
ROBERT D. GREEN
State Bar No.: 08368025
green@greentriallaw.com
DANIEL P. BARTON
State Bar No.: 00789774
dbarton@bartonlawgroup.com
ROY J. ELIZONDO, III
State Bar No. 24036519
relizondo@GBTriallaw.com
1201 Shepherd Drive
Houston, Texas 77007
(713) 227-4747- Telephone
(713) 621-5900- Fax

Proactive Legal Solutions
440 Benmar Dr, Suite 1290
Houston, TX 77060



7017 1450 0001 3583 4652



$7.50
US POSTAGE
FIRST-CLASS
062S0007579052
FROM 77060

MICHAEL LAWLER
3400 SOUTHPARK PLACE
SUITE A DSPF-62
GROVE CITY, OH 43123